UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LINDA RIOTTO,**
on behalf of herself and all
similarly-situated individuals,

    **Plaintiffs,**

v.                                                                 Case No.:

**WELLS FARGO BANK, N.A.,**

    **Defendant.**
_____/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LINDA RIOTTO, files the following first Class Action Complaint against WELLS FARGO BANK, N.A., for violations of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.* (hereinafter "RESPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA").

## PRELIMINARY STATEMENT

1. This is an action brought for Defendant's violations of RESPA by way of its implementing regulation, 12 C.F.R. § 1024, *et seq.* (hereinafter "Regulation X") and the FDCPA.

2. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X.

3. Plaintiff's RESPA and FDCPA claims against Defendant stem from Defendant's failure to honor its obligations under both Acts and by tricking consumers, such as Plaintiff, into believing that they have received a significant loan modification as to their primary

mortgage when, in fact, they have not. Instead, Plaintiff and the putative class members are actually given several small "trial modification" payments and then later surprised by much larger "balloon payments" which they cannot afford.

## JURISDICTION AND VENUE

4. Subject matter jurisdiction of this Court as to Plaintiff's claims arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. §§ 1331 and 1337.

5. In personam jurisdiction exists and venue is proper as the Defendant regularly conducts business in this district.

6. Plaintiff is a resident of this district and the alleged violations occurred here. *See* 28 U.S.C. § 1391.

## THE PARTIES

7. Plaintiff is an adult individual residing within this Court's jurisdiction.

8. At all times material hereto, Plaintiff was a member of each putative class she seeks to represent.

9. Plaintiff and the putative class members are "consumers" as that term is contemplated in § 1692a of the FDCPA.

10. Defendant is a "debt collector" as that term is contemplated in §1692a(6) of the FDCPA, as it acts to serve and collect debt on behalf of Fannie Mae, the alleged holder of the note.

## FACTUAL ALLEGATIONS

11. Plaintiff originally incurred a primary residence mortgage obligation to an entity that is not part of this action. Her primary residence is located 8360 Fair Hill Drive, Weekie Wachee, FL 34613.

12. After the property went into default, Defendant purchased the loan and began servicing the loan also.

13. Furthermore, Plaintiff subsequently retained the services of Ricardo & Wasylik, P.L. in an attempt to obtain a loan modification from Plaintiff's lender through Defendant, the servicer of her mortgage.

14. Sometime prior to April 7, 2016, pursuant to Section 6(e) of RESPA, 12 U.S.C. 2605(e), Plaintiff's counsel sent Defendant a "Qualified Written Request."

15. Defendant refused to respond to the QWR, also a violation of RESPA.

16. Defendant is a servicer within the meaning of the RESPA as implemented by Regulation X.

17. Pursuant to 12 C.F.R. § 1024.41(b)(2), upon receipt of a loss mitigation application, Defendant was obligated to review the Loss Mitigation Application and inform the Plaintiff within five (5) days of receipt whether or not the application constitutes a complete loss mitigation application.

18. Pursuant to 12 C.F.R. § 1024.41(b)(2)(i)(B) and 12 C.F.R. § 1024.41(b)(2)(ii), to the extent Defendant deemed the Loss Mitigation Application incomplete, Defendant was obligated to state and identify the additional documents and information the Plaintiff needed to submit to make the Loss Mitigation Application complete and to provide a reasonable date by which the Plaintiff must submit the documentation.

19. Pursuant to 12 C.F.R. § 1024.41(c), Defendant was required to provide a written notice within thirty (30) days of receipt of a complete loss mitigation application stating which loss mitigation options, if any, Defendant will offer Plaintiffs.

20. Defendant has failed to or refused to comply with various sections of § 1024.41, in that Defendant did not inform Plaintiff whether or not Plaintiff's Loss Mitigation Application was complete within five (5) days of receipt or provide written notice within thirty (30) days of receipt of a complete loss mitigation application stating which loss mitigation options, if any, Defendant will offer Plaintiff.

21. And, finally, Defendant, on behalf of the lender, attempted to collect the monies owed on the mortgage by offering to Plaintiff on April 7, 2016 a "trial modification" with a next scheduled payment of $1,251.76.

22. Plaintiff agreed to this modification and attempted to make the payments required under the modification.

23. Then, however, and without explanation, Defendant and the lender refused to honor the modification instead demanding huge monthly payments far in excess of the modified $1,251.76 payments.

24. As a result, Plaintiff has fallen back into arrears and has suffered additional penalties and accrued additional interest she never would have owed had Defendant and the lender honored the modification the parties agreed to.

25. Such actions by Defendant and/or those parties in control of Defendant violate the Early Intervention Requirements (*See* 12 C.F.R. § 1024.39) and/or the Loss Mitigation Procedures (*See* 12 C.F.R. § 1024.41) arising under RESPA.

26. Through its own conduct Defendant has shown a pattern of disregard to the requirements imposed upon Defendants by Regulation X. By its own actions, Defendant also violates the FDCPA, including 15 U.S.C. § 1692e(2)(A), and 15 U.S.C. § 1692e(10).

## CLASS ALLEGATIONS

27. Plaintiff brings this action on her own behalf and on behalf of a class of persons similarly-situated pursuant to Fed.R.Civ.P. 23(a), 23(b)(3). Specifically, Plaintiff seeks to have certified the following claims against Defendant.

28. Plaintiff seeks to have certified on behalf of a "RESPA Class" consisting of:

**All persons in the United States, within the applicable RESPA statute of limitations period, whom Defendant filed foreclosure actions against in violation of RESPA by failing to exhaust its loss mitigation procedures prior to instituting foreclosure litigation.**

29. Plaintiff seeks to have certified an "FDCPA Class" for Defendant's violations of 15 U.S.C. § 1692e(2)(A), and 15 U.S.C. § 1692e(10), consisting of:

**All persons in Florida, within the applicable FDCPA statute of limitations period, Defendant offered a loan modification that it later refused to honor after the trial payments were timely made.**

## RULE 23(a) PREREQUISITES

30. Numerosity: The Classes are so numerous that joinder of all members is impracticable. At this time, Plaintiffs do not know the exact size of the Classes. Based on information and belief, the Classes are comprised of at least hundreds of members and are geographically dispersed throughout the State as to render joinder of all Class Members impracticable. The names and addresses of the Class members are identifiable through documents maintained by the Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notices.

31. Typicality: Plaintiffs' claims are typical of the other Class Members' claims. As described above, Defendant uses common practices and automated systems in committing the conduct that Plaintiffs allege damaged them and the Classes. Plaintiff seeks only statutory and damages for her class-wide claims and, in addition, Plaintiff is entitled to relief under the same

causes of action as the other members of the Class. Defendant uniformly breached the FDCPA by engaging in the conduct described above, and these violations had the same effect on each member of the Classes.

32. Adequacy: Plaintiffs will fairly and adequately protect the interests of the Putative Classes, and has retained counsel experienced in complex class action litigation.

33. Commonality: Common questions of law and fact exist as to all members of each Class. Without limitation, the total focus of the litigation will be Defendant's uniform conduct and procedures, whether Defendant's foreclosure actions violated the FDCPA. Even the appropriate amount of damages is a common question for members of each of the Classes.

## **RULE 23(b) PREREQUISITES**

34. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the Putative Classes would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant.

35. Further, adjudication of each individual Class member's claim as separate action would potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

36. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds that apply generally to the Putative Classes, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Classes as a whole.

37. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Putative Classes predominate over any questions

affecting only individual members of the Putative Classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FDCPA.

38. Members of the Putative Classes do not have an interest in pursuing separate actions against Defendant, as the amount of each Class member's individual claims is small compared to the expense and burden of individual prosecution.

39. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices.

40. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single forum.

41. Plaintiffs intend to send notice to all members of the Putative Classes to the extent required by Rule 23. The names and addresses of the Putative Class members are available from Defendant's records.

## CLASS CLAIM I – RESPA CLAIM
### *Violation of Regulation X*

42. Pursuant to 12 U.S.C. § 2605(f)(1)(A), Plaintiff and the RESPA putative class are entitled to actual damages as a result of Defendant's failure to comply with Regulation X and RESPA, including but not limited to: reasonable attorney's fees incurred as a result of having to send additional correspondences in an attempt to modify her loan due to Defendant's failure to adequately respond to Plaintiff.

43. Plaintiff and the RESPA putative class are also entitled to seek statutory damages in an amount not greater than $2,000 pursuant to 12 U.S.C. § 2605(f)(1)(B), as a result of Defendant's pattern or practice of noncompliance with Regulation X and RESPA.

44. Plaintiff and the RESPA putative class are entitled to the costs of this action, together with a reasonable attorney's fee as determined by the court, pursuant to 12 U.S.C. § 2605(f)(3).

## RESPA PRAYER FOR RELIEF

*WHEREFORE*, Plaintiff and the putative class member pray for relief as set forth below together, with such further relief as this court deems just:

   a. Actual damages;

   b. Statutory damages; and

   c. Attorneys' fees and costs pursuant to 12 U.S.C. § 2605(f)(3).

## CLASS CLAIM II – FAIR DEBT COLLECTION PRACTICES ACT
*Violation of 15 U.S.C. § 1692e(2)(A)*

45. Defendant's above actions violate 15 U.S.C. § 1692e(2)(A) as to the proposed FDCPA class because by misleading Plaintiff into making trial loan modification payments at a low rate, and then surprising Plaintiff and the FDCPA putative class with huge balloon payments, Defendant has misrepresented the character, amount, and legal status of the alleged debts at issue.

## CLASS CLAIM III – FAIR DEBT COLLECTION PRACTICES ACT
*Violation of 15 U.S.C. § 1692e(10)*

46. Defendant's above actions violate 15 U.S.C. § 1692e(10) as to the proposed FDCPA class because by misleading Plaintiff into making trial loan modification payments at a low rate, and then surprising Plaintiff and the FDCPA putative class with huge balloon

payments, Defendant is utilizing false representations and deceptive means to collect or attempt to collect debts.

## FDCPA PRAYER FOR RELIEF

*WHEREFORE*, Plaintiff requests that judgment be entered for herself and the putative classes against Defendant, and that this Honorable Court order the following:

a. Certification of this action to proceed as a class action;

b. Award of statutory damages to the Plaintiff and the class as provided in 15 U.S.C. § 1692k(a)(2)(B);

c. Entry of a Declaratory Judgment that the challenged practices herein violate the FDCPA;

d. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a);

e. Such other and further relief as the court deems just and equitable.

## JURY DEMAND

Plaintiff and the putative class members demand trial by jury of all claims so triable.

Dated this 24th day of March, 2017.

Respectfully submitted,

_____
**LUIS A. CABASSA**
Florida Bar Number: 053643
Direct No.: 813-379-2565
**BRANDON J. HILL**
Florida Bar Number: 37061
Direct No.: 813-337-7992
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: bhill@wfclaw.com
Email: twells@wfclaw.com
Email: mk@wfclaw.com
**Attorneys for Plaintiff**